SERRELL (GUYON v.). See Case No. 5,881.

SERRILL (RITTER v.). See Case No. 11,-866.

## Case No. 12,673.

### SERROT v. OMAHA CITY.

### [1 Dill. 313.] [1]

### Circuit Court, D. Nebraska. 1871.

MUNICIPAL CORPORATION—LIABILITY FOR DEFECT-IVE STREETS—NOTICE.

In an action against a city for an accident caused to the plaintiff by reason of a dangerous excavation in one of its public and frequented streets, the character of the excavation and of the street as described in the declaration, and the express allegation of carelessness on the part of the city in respect thereto, were held on demurrer to show a prima facie liability, without a distinct allegation that the city had notice of the defect in the street which caused the injury.

[Cited in Madison Co v. Brown, 89 Ind. 53.]

Action for damages. Demurrer to petition on the ground that the city is not liable in the absence of an averment that it had notice of the defect in the street which caused the injury, for which the plaintiff sues. The petition, in addition to the usual averments, alleged that Farnam street, where the accident happened, was one of "the principal business streets of the city, and one of the most traveled of any of the streets." * * * "That on and before the 28th day of July, 1869" (the date of the accident, which happened at night), "there was, and had been for some time, on the said Farnam street, a cut, or hole, or excavation, of the length of twenty feet, of the width of twelve feet. and of the depth of ten feet; which said hole or excavation was wrongfully and unjustly permitted to be and continue open, without notice or protection to the public, and that it was so left open through the carelessness and negligence of the said city," etc., whereby the plaintiff was injured, etc.

Mr. Elliott, for plaintiff.

Bartlett & Doane, for defendant.

Before DILLON, Circuit Judge, and DUN-DY, District Judge.

DILLON, Circuit Judge. The petition is sufficient, as against the objection urged on the demurrer. The ground of the action is the negligence of the city. Considering the na-

ture of the street, the character of the excavation. which could not be suddenly made, and the express allegation of carelessness, the petition alleges facts showing a prima facie liability on the part of the defendant. In what cases, in an action of this kind, knowledge by the defendant, of the defect, is essential to liability therefor, we need not discuss. Demurrer overruled.

NOTE. As to necessity of notice to city, or the lapse of sufficient time to acquire knowledge, of the unsafe condition of the street, see Ward v. Town of Jefferson. 24 Wis. 342; Griffin v. New York, 9 N. Y. 456; Requa v. City of Rochester, N. Y. App. March, 1871 [45 N. Y. 129]; Hubbard v. City of Concord, 35 N. H. 52, 74; Reed v. Northfield, 13 Pick. 94; Worster v. Canal Co., 16 Pick. 541; Hart v. Brooklyn. 36 Barb. 226; Weightman v. Washington, 1 Black [66 U. S.] 39, 62, per Clifford, J.; McGinity v. Mayor, 5 Duer, 674; Manchester v. City of Hartford, 30 Conn. 118; Howe v. Lowell, 101 Mass. 99. The house of lords, upon great consideration, have recently held that having the means of knowledge, and negligently remaining ignorant, is equivalent in creating a liability to actual knowledge. Mersey Docks v. Gibbs, 11 H. L. Cas. 687, 701, L. R. 1 H. L. 93. 1866.

Where notice is necessary. it may be inferred from notoriety and long continuance of the defect, Reed v. Northfield, supra; but should be averred. Worster v. Canal Co., supra; neglect actionable, though not willful, Erie v. Schwingle, 22 Pa. St. 384. See West Chester v. Apple, 35 Pa. St. 284; Ware v. St. Paul Water Co. [Case No. 17,172].